**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**


ROBERT C. WOLSCHLAGER,

       Plaintiff,                        CASE NO.  05-CV-10261-BC

v.                                    DISTRICT JUDGE DAVID M. LAWSON
                                      MAGISTRATE JUDGE CHARLES BINDER

SCOTT ZALESKI,

       Defendant.

_____/


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON DEFENDANT'S MOTION TO DISMISS FOR JUDGMENT ON THE PLEADINGS**
**OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**
**PURSUANT TO FED. R. CIV. P. 56(c) OR 12(b)(6)**
(Dkt. 11)


**I.**     **RECOMMENDATION**

       For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion for

Summary Judgment be **GRANTED**.


**II.**     **REPORT**

       **A.**     **Introduction and Facts**

       By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned

Magistrate Judge for general case management on October 7, 2005. (Dkt. 4.) Pending is the

above-entitled motion. Plaintiff has filed a response opposing the motion. (Dkt. 14.) Upon

review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and

Recommendation without oral argument.

Plaintiff filed his *pro se* complaint on September 28, 2005.  The entire text of the complaint is as follows:

> Officer Zaleski pulled me over and said he pulled me over for tailgate down on a pickup so he asked me to step out so I did and he put me under arrest in his car and slim jim my pickup he found marijuana in my vehicle, possession charge was dismissed by Hon. Karl Krause.  He also took money out of my wallet an didn't ever return it to me.

(Compl., Dkt. 1.)

Exhibits attached to Defendant's motion shed further light on the allegations made by Plaintiff.  On April 21, 2005, a Bad Axe city police officer observed Plaintiff drive into a gas station and exit his vehicle.  (Def.'s Mot., Dkt. 11, Ex. B.)  The officer was aware that Plaintiff's driving privileges had been revoked.  Defendant Zaleski was dispatched to the scene and observed Plaintiff's vehicle parked in a parking lot.  While waiting for Plaintiff to return to the vehicle, the officer ran a computer check confirming that Plaintiff's driving privileges had been revoked.

After awaiting approximately ten minutes, Plaintiff got into the vehicle and began driving away.  The officer followed the vehicle and observed only one person in it.  The officer also noted that the light illuminating the rear license plate of the vehicle was not functioning.  The officer also observed that the tailgate of the vehicle was down and that there were multiple tools including a wheelbarrow in the bed of the vehicle, none of which were secured.  The officer then pulled Plaintiff over.  Upon approaching the vehicle, Defendant observed that Plaintiff was the sole occupant of the vehicle and asked for his driver's license, and proof of insurance.  Plaintiff admitted that he had none of these documents.  While standing next to the vehicle, the officer observed on the floor of the passenger compartment a metal pipe which was of a nature similar to that used to smoke marijuana.  (*Id.*)

The officer asked Plaintiff to exit the vehicle, and Plaintiff responded that the driver's side door did not open. The officer then walked around to the passenger side and met Plaintiff as he exited the car. After brief conservation, Defendant advised Plaintiff that he was under arrest for driving with a revoked license. The officer directed Plaintiff to put his hands behind his back. Believing that Plaintiff was trying to walk away, the officer grabbed Plaintiff's left arm and again repeated his order. The officer ultimately handcuffed Plaintiff. The officer searched Plaintiff incident to the arrest and found no weapons or contraband on Plaintiff's person. (*Id.*)

During the process of exiting the vehicle, Plaintiff locked the vehicle contrary to the officer's orders, locking the keys inside the vehicle. After the arrival of a back-up officer, both officers used a "slim jim" tool to unlock the passenger side door. They then searched the passenger compartment of the vehicle, finding the metal pipe which Defendant had earlier observed, as well as a zip lock baggie under the seat which contained suspected marijuana. Field tests of the substance in the baggie were positive for marijuana. Plaintiff was thereafter transported to the Huron County Jail and charged with driving with a revoked license and possession of marijuana. (*Id.*)

Upon Plaintiff's arrival at the Huron County Jail, an inventory of his personal possessions yielded $121 in cash which officers forfeited pursuant to MICH. COMP. LAWS ANN. 333.7522. On the same day as his arrest, Plaintiff was given a document entitled "Notice of Seizure and Intent to Forfeit and Dispose of Property." (Dkt. 11, Ex. C.) The next day, the Chief of the Bad Axe Police Department forwarded a letter to the Huron County Prosecuting Attorney recounting the seizure of the funds and stating that "pursuant to MCL 333.7522; the Bad Axe Police Department intends to forfeit and dispose of the property pursuant to statute." (*Id.* at 4.) There is no evidence in this record that Plaintiff made any response to the forfeiture notice given him on the day of his

arrest.  In his response to Defendant's motion, Plaintiff states that the marijuana charge was dropped.  (Pl.'s Resp., Dkt. 14.)  Defendant represents that Plaintiff ultimately pled guilty to driving while license suspended and was fined $390.  (Dkt. 11 at 3.)  The instant complaint followed approximately five months later.

### B.      Analysis and Conclusions

### 1.      Governing Law and Motion Standards

### a.      Plaintiff's *Pro Se* Status

I note at the threshold that Plaintiff brings this action *pro se*.  A *pro se* litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  However, it "is not the proper function of the district court to assume the role of advocate for the *pro se* litigant."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  In other words, the court is not to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues."  *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted).  ". . . [A] *pro se* litigant, whether a plaintiff or defendant, is required to follow the law."  *Williams v. Sears, Roebuck and Co.*, 143 F. Supp. 2d 941, 947 (W.D. Tenn. 2001).  As the U.S. Supreme Court stated in *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993), "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."  *Id.* at 113.

### b.      Civil Rights Claim

Section 1983 creates a federal cause of action against state and local officials who, while acting under the color of state law, deprive an individual of a right secured to him by the

Constitution or federal law.  42 U.S.C. § 1983.[1]  A claim under § 1983 consists of two essential

elements:  (1) the defendant was a person acting under the color of state law; and (2) the defendant

deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the

United States of America.  *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir.

1996).

**c.      Defendant's Motion for Dismissal and for Summary Judgment**

Defendant's motion is filed alternatively under Rules 12 and 56.  Rule 12(b) of the Federal

Rules of Civil Procedure provides that when "matters outside the pleading are presented to *and not*

*excluded by the court*, the motion [to dismiss] shall be treated as one for summary judgment and

disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present

all material made pertinent to such a motion by Rule 56."  FED. R. CIV. P. 12(b) (emphasis added).

In their treatise, Wright and Miller explain that, pursuant to the portion of the rule italicized above,

> [t]he court has complete discretion to determine whether or not to accept any
> material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6)
> motion.  This discretion generally will be exercised on the basis of a determination
> of whether or not the proffered material, and the resulting conversion from the Rule
> 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action.

5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366

(footnote omitted).

---

[1]The statute provides in pertinent part that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any
State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen
of the United States or other person within the jurisdiction thereof to the deprivation of any
rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the
party injured in an action at law, suit in equity, or other proper proceeding for redress, except
that in any action brought against a judicial officer for an act or omission taken in such
officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree
was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

Defendant has filed exhibits, which I conclude are worthy of review and consideration. It is clear that Defendant relies upon these documents, thus presuming that the Court will accept and review them. After reviewing the exhibits, I cannot discern that any party will be prejudiced. I therefore conclude that matters outside the pleadings should be accepted and the motion considered under Rule 56, as the acceptance and review of these documents will materially facilitate the disposition of the instant motion.

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the non-moving party fails to adequately respond to a

summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit explicitly instructs that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

As a general rule, "[p]rison administrators should be accorded wide-ranging deference in the adoption and execution of policy and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). "As long as the conditions or degree of confinement to which the prisoner is subjected are within the sentence imposed upon him and are not otherwise violative of the constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 96 S. Ct. 2543, 49 L. Ed. 29 466 (1976).

## 2.     Discussion

Defendant argues that Plaintiff fails to state any claim for constitutional violations upon which relief can be granted.  In his response, Plaintiff maintains that Defendant violated his constitutional rights and states: "I feel I should of received the money back that I had in my pocket at the time of the arrest."  (Resp., Dkt. 14.)

After review of this record under the standards set forth above, I suggest that Plaintiff's civil rights claim fails at the second step, as he is unable to show that he was deprived by Defendant of any rights, privileges or immunities secured by the constitution.  I suggest that on this record there is no doubt that Defendant Zaleski had probable cause to apprehend Plaintiff.  Defendant Zaleski was personally aware that Plaintiff's driving privileges had been revoked, and he observed Plaintiff operating a motor vehicle.  Moreover, prior to apprehending Plaintiff, Defendant Zaleski confirmed his belief by running a computer check of state driving records.

I next suggest that no constitutional violation attended Defendant Zaleski's action in pulling over the Plaintiff.  The Supreme Court has recently made clear that any violation of a state motor vehicle code can justify an officer in pulling over a vehicle, and that the officer's actual intent is irrelevant.  *Whren v. United States*, 517 U.S. 806, 812-813, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996).

I next suggest that it is settled constitutional law that an officer has the right to search an individual's person incident to detaining or arresting that individual.  *Terry v. Ohio*,  392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

I next suggest that no constitutional violation attended the officer's search of Plaintiff's vehicle.  First of all, Defendant Zaleski states that he saw evidence of contraband in plain view in the vehicle.  Moreover, it has been settled constitutional law for over 80 years that a motor vehicle

may be searched without resort to a search warrant. *Carroll v. United States*, 267 U.S. 132, 45 S.

Ct. 280, 69 L. Ed. 543 (1925).

With regard to the funds which were confiscated, it is first of all settled constitutional law

that a jailer may make an inventory search of a person's possession incident to their incarceration

without resort to a search warrant. *Colorado v. Bertine*, 479 U.S. 367, 372, 107 S. Ct. 738, 93 L.

Ed. 2d 739 (1987).

Moreover, Michigan law specifically provides:

**333.7521.  Property subject to forfeiture**

Sec. 7521.  (1) The following property is subject to forfeiture:

(a) . . . [c]ontrolled substance, . . . or other drug that has been manufactured, distributed, dispensed, used, possessed, or acquired in violation of this article.

. . . .

(f) Any thing of value that is furnished or intended to be furnished in exchange for a controlled substance, . . . or other drug in violation of this article[.]

MICH. COMP. LAWS ANN. 333.7521

Importantly, this statute goes on to state:

. . .  Any money that is found in close proximity to any property that is subject to forfeiture under subdivision (a), (b), (c), (d), or (e) is presumed to be subject to forfeiture under this subdivision.  This presumption may be rebutted by clear and convincing evidence.

(*Id.*)

I suggest that the close proximity of Plaintiff to the marijuana found in the vehicle, coupled

with Plaintiff's deliberate locking of the keys in the vehicle at the time he was apprehended, all

serve to confirm that Defendant was properly justified in seizing and forfeiting the funds later

found on Plaintiff's person.

Michigan law set forth procedures for the both the seizure and the disposition of forfeited property.  *See* MICH. COMP. LAWS ANN. 333.7523.  That provision requires that the local governmental unit seizing the property notify the owner of the property of the governmental unit's intent to forfeit the property.  (*Id*. § 1(a).)  The person claiming ownership of the forfeited property then has 20 days to file a written response challenging the proposed forfeiture.  (*Id*. § 1(c).)  I suggest on this record that Defendant fully complied with the requirements of this statute, and, as mentioned, the record is bereft of any indication that Plaintiff exercised his right to respond to or otherwise challenge the proposed forfeiture of the funds found during the inventory search.  Moreover, Michigan courts have held that this statutory forfeiture procedure affords an adequate remedy to ensure due process.  *Derrick v. City of Detroit*, 168 Mich. App 560, 563; 425 N.W. 2d 154 (1988).  As a result, I suggest that no constitutional violation attends the seizure and forfeiture of these funds.

### 3.    Qualified Immunity Claim

In the alternative, Defendant argues that he is entitled to qualified immunity.  Defendant has raised the defense of qualified immunity, which provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).  There are two steps that a district court must take when qualified immunity is raised in a pre-trial motion.  First, the court must determine, as a purely legal matter, if the "allegations state a claim of violation of clearly established law[.]"  *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985); *see also Siegert v. Gilley*, 500 U.S. 226, 231, 111 S. Ct. 1789, 114 L. Ed. 2d 277 (1991).  Second, the court must decide if "the public official

10

acted 'objectively unreasonable in light of [the] established constitutional right[].'" *Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998) (quoting *Adams v. Metiva*, 31 F.3d 375, 387 (6th Cir. 1994)).

For the reasons set forth above, I suggest that Plaintiff's claims fail at the first step of this analysis, as his allegations fail to state any violation of clearly established law. I therefore suggest that the grant of Defendant's motion is appropriate.

## III.   **REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

 s/ *Charles E. Binder*  
CHARLES E. BINDER  
Dated: March 28, 2006                          United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Audrey Forbush, and served in the traditional manner on Robert Wolschlager and Honorable David M. Lawson.


Dated:  March 28, 2006                    By_____s/Mary E. Dobbick_____
                                          Secretary to Magistrate Judge Binder