UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT C. WOLSCHLAGER,

        Plaintiff,

                                              Case Number 05-10261-BC
v.                                              Honorable David M. Lawson

SCOTT ZALESKI,

        Defendant.
                                                   /

### ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE, OVERRULING OBJECTIONS, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      The plaintiff, Robert C. Wolschlager, filed a *pro se* complaint alleging a violation of his constitutional rights arising from his April 21, 2005 arrest by a Bad Axe, Michigan city police officer. The matter was referred to Magistrate Judge Charles E. Binder for general case management. Thereafter the defendant filed a motion for judgment on the pleadings, which the magistrate judge properly considered as a motion for summary judgment because of the inclusion of materials beyond the pleadings themselves. Magistrate Judge Binder filed a report on March 28, 2006 recommending that the summary judgment motion be granted.

      The plaintiff addressed a letter to the magistrate judge postmarked March 30, 2006, which the Court will construe as objections to the recommendation. In the report, the magistrate judge concluded that the undisputed facts failed to disclose a violation of rights secured by the Constitution or laws of the United States, an essential element of a claim under 42 U.S.C. § 1983. *See Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). The magistrate judge concluded, therefore, that the defendant was entitled to dismissal on the merits. The magistrate judge also found

that the defendant was entitled to qualified immunity because the plaintiff failed to show a violation of a federal constitutional right that was clearly established at the time.

The plaintiff's objections state that the police officer entered his vehicle illegally, cash found in the vehicle was wrongfully seized, and the officer failed to return the money. However, as the magistrate judge reported, the plaintiff was stopped properly by the officer because he was suspected of committing a crime in the officer's presence, a search of the vehicle incident to arrest was appropriate under the well-established jurisprudence, controlled substances were found in the vehicle along with the money, and the money properly was forfeited under the provisions of state law. The plaintiff's objections fail to address any of those findings.

General objections to a magistrate judge's report and recommendation do not preserve all issues for review. "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The plaintiff's objections fail to address the substance of the magistrate judge's report. To the extent that they raise issues, all of those issues were addressed and properly resolved by the magistrate judge in his report and recommendation. The objections are neither specific nor meritorious. Therefore, the Court will adopt the magistrate judge's report.

Accordingly, it is **ORDERED** that the plaintiff's objections to the magistrate judge's report and recommendation are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation is **ADOPTED**.

It is further **ORDERED** that the defendant's motion, construed as a motion for summary judgment [dkt # 11], is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

                                      s/David M. Lawson  
                                      DAVID M. LAWSON  
                                      United States District Judge

Dated: April 14, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 14, 2006.

                                      s/Tracy A. Jacobs  
                                      TRACY A. JACOBS